UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

**Case No. 12-4450**

JARED WOLFE

*Appellee*

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

*Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
No. 4:10-CV-0800

## BRIEF OF APPELLEE JARED WOLFE

Robert B. Elion, Esquire
Michael A. Dinges, Esquire
ELION, WAYNE, GRIECO, CARLUCCI,
SHIPMAN, DINGES & DINGES, P.C.
125 East Third Street
Williamsport, PA 17701
(570) 326-2443
**Attorneys for Appellee Jared Wolfe**

Dated: May 17, 2013

# TABLE OF CONTENTS

STATEMENT OF THE CASE………………………………………...1

STATEMENT OF THE FACTS…………………………………….3

STANDARD OF REVIEW…………………………………………...5

SUMMARY OF ARGUMENT………………………………………...5

ARGUMENT……………………………………………………….7

CONCLUSION………………………………………………………12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*3039 B Street Assoc. v. Lexington Ins., Co.,*444 Fed. Appx. 610, 611-12 (3d Cir.2011)......................................................................5

*Brown v. Candeloro,* 708 A.2d 104 (Pa. Super. Ct. 1998)......................11

*Feingold v. Liberty Mutual Group (Feingold I),* Civ.A. No. 1105364, 2012 U.S. Dist. LEXIS 96696 (E.D.Pa. Feb. 28, 2012)...........................10, 11

*Feingold v. State Farm Mutual Auto Ins. Co. (Feingold II),* Civ.A. No. 11-6309, 2012 U.S.Dist. LEXIS 46696 (E.D.Pa. Apr. 3, 2012)...................10, 11

*Haugh v. Allstate Ins.  Co.,* 322 F.3d 227, 239 (3d Cir. 2003), *citing Brown,* 708 A.2d at 110)...................................................................11

*In re Shering-Plough Corp. Intron/Temodar Consumer Class Action,* 678 F.3d 235, 243 (3d Cir. 2012)...................................................5

*Terletsky v. Prudential Prop & Cas. Ins. Co.,* 649 A.2d 680...........................8

*Wolfe v. Zierle*...............................................................4, 5

**STATUTES**

42 Pa. C.S.A. § 8371.........................................1, 2, 10, 11, 12

73 P.S. § 201.1 *et seq*.........................................................1

28 U.S.C. § 1441(b)............................................................1

# OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1)..............................................................2, 5

Fed. R. Evid. 403 ...............................................................10

## STATEMENT OF THE CASE

This case arises out a lawsuit filed in the Lycoming County Court of Common Pleas. In that case, Jared Wolfe brought a claim against Karl Zierle for personal injuries Wolfe sustained in an automobile accident that occurred on March 2, 2007. At the time of the accident, Karl Zierle's blood alcohol level was .25%. Karl Zierle had his automobile insurance through Allstate. The liability limit on the policy was $50,000. The Allstate policy provided that Allstate had the authority to conduct all settlement negotiations. The Plaintiff made an initial demand of $25,000. Allstate made an initial offer of $1,200 to settle the case. Allstate refused to ever increase the offer. The Plaintiff rejected the $1,200 offer and the case proceeded to trial. After a trial, the jury awarded Wolfe $15,000 in compensatory damages and $50,000 in punitive damages.

On the basis of an assignment of rights, Wolfe sued Allstate in the Lycoming County Court of Common Pleas. The Complaint alleged breach of contract, breach of Pennsylvania's insurance bad faith statute (42 Pa.C.S.A. § 8371) and breach of Pennsylvania's Uniform Trade Practices and Consumer Protection Law ("UTPCPL") (73 P.S. § 201.1 *et seq.*). Allstate removed the case to the United States District Court for the Middle District of Pennsylvania on the basis of diversity of citizenship (28 U.S.C. § 1441(b)).

1

Allstate filed a Motion for Summary Judgment. The Motion for Summary Judgment was denied by Magistrate Judge Methvin. Appendix ("App.") at A30-A58. Allstate sought reconsideration of the Magistrate Judge's decision, and Judge Jones, on appeal of the Magistrate Judge's Report and Recommendation, adopted Magistrate Judge Methvin's position in its entirety. App. at A22-A29.

Allstate filed a Motion in Limine, seeking to preclude Wolfe from introducing evidence of the $50,000 punitive damage award that was awarded against Zierle. Allstate argued that the award was irrelevant and unduly prejudicial to Allstate. The Court denied the Motion in Limine and evidence of the $50,000 award was introduced at trial. App. at A5-A13. Allstate also filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), alleging that Wolfe's statutory bad faith and UTPCPL claims are not assignable, and therefore, Wolfe lacked standing to bring the claims. The Court denied that motion as well. App. at A14-A21. The jury found in favor of Wolfe on both the breach of contract claim and the statutory bad faith claim. The jury awarded the Plaintiff $50,000 in punitive damages. The Court entered judgment on the verdict on November 8, 2012. Allstate filed a notice of appeal on December 5, 2012. App. at A1-A4.

On November 16, 2012, Wolfe filed a motion seeking costs and attorney fees under 42 Pa. C.S.A. § 8371. That motion is not the subject of the appeal.

## STATEMENT OF THE FACTS

On March 2, 2007, Karl Zierle drove his truck into a vehicle driven by Jared Wolfe on State Road 2914 in Lycoming County, Pennsylvania. At the time of the accident, Karl Zierle was covered by an automobile insurance policy from Allstate. App. at A159; A346-A390. At the time of the accident, Zierle was driving under the influence of alcohol, and ultimately, pled guilty to the charge. App. at A505-A506, A651.

The Plaintiff sustained bodily injuries as a result of the automobile accident. The injuries sustained by the Plaintiff were to his neck and back. These injuries were soft tissue in nature, but also included a bulging disk in Wolfe's cervical spine at C6-C7. Wolfe's treating physician, Dr. Longenbach, testified in a videotaped deposition, prior to trial, that these injuries were caused by the automobile accident. App. at A127 – A129. The Defense offered no medical evidence to the contrary. The Plaintiff made an initial demand of $25,000, half of the available coverage under the policy that provided for $50,000 in liability coverage. Allstate offered $1,200 and never increased their offer. App. at A123 – A126. Suit was filed, and Allstate hired counsel to represent Karl Zierle and to defend him regarding both the compensatory and the punitive damage claims. App. at A121.

3

In the underlying case, *Wolfe v. Zierle*, Allstate conceded liability. The only issue at trial was the value of injury sustained by the Plaintiff. App. at A122. Discovery was conducted and the videotaped deposition of Dr. Longenbach was taken regarding the extent of the Plaintiff's injuries. App. at A127-A129. Allstate decided not to have a medical exam performed on the Plaintiff. During pre-trial settlement conferences, two separate Common Pleas Judges placed a settlement value of $7,500 on the compensatory damage portion of the case. App. at A127 – A128. Wolfe would have settled the case for $7,500. The insured, Karl Zierle, wanted the case settled so that he would be insulated from any personal liability as a result of the punitive damage claim. It is undisputed that, had the compensatory damage portion of the case been resolved, Wolfe would have signed a general release and Zierle would have been insulated against the punitive damage award.

After a jury trial, the Plaintiff was awarded $15,000 in compensatory damages and $50,000 in punitive damages against Zierle. Allstate paid the $15,000 compensatory award, but refused to pay the $50,000 punitive damage award. App. at A129 –A130. Allstate contended that it did not pay the $50,000 because such damages were not covered by the policy and because punitive damages cannot legally be paid by an insurance company. App. at A132. The Plaintiff, Wolfe, obtained an assignment from Zierle and filed this action. App. at A530.

## STANDARD OF REVIEW

This Court reviews Summary Judgment decisions *de novo* and applies the same standard as the district court. *3039 B Street Assoc. v. Lexington Ins., Co.,* 444 Fed. Appx. 610, 611-12 (3d Cir.2011).   The Court exercises plenary review over a district court's ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *In re Shering-Plough Corp. Intron/Temodar Consumer Class Action,* 678 F.3d 235, 243 (3d Cir. 2012).

This Court's review of evidentiary decisions of the district court is for abuse of discretion.

## SUMMARY OF ARGUMENT

Allstate has consistently misstated Wolfe's position by arguing that Wolfe contends that Allstate had a duty to consider the possible effect of the punitive damage award in deciding whether to settle or try the *Wolfe v. Zierle* matter.  That is not Wolfe's position.  In fact, it has consistently been Wolfe's position that Allstate acted in bad faith toward Zierle, their insured, by failing to negotiate in good faith regarding the compensatory damage portion of the case.  Specifically, Allstate offered $1,200 to settle the compensatory damage claim, and never increased their offer.  Allstate never increased their offer, despite recommendations to do so from Zierle's attorney (hired by Allstate).  Allstate did not increase their offer although two separate judges valued the case at $7,500, and Allstate did not

5

increase their offer after Wolfe's treating doctor related Wolfe's injuries to the automobile accident.

If the compensatory damage portion of the case was settled, Wolfe would have signed a general release and Zierle would have been insulated from Wolfe's punitive damage claim. Allstate's failure to increase their extremely low offer of $1,200 made it virtually impossible to settle the compensatory damage portion of the case, and the case was forced to trial. Allstate had a fiduciary duty to negotiate a settlement in good faith on behalf of Zierle. The jury concluded that Allstate breached that duty, and the jury concluded that Allstate acted in bad faith toward their insured. The punitive damage award of $50,000 represents a portion of the damages suffered by Zierle. He suffered this damage because Allstate breached their contractual duty to negotiate the compensatory claim in good faith.

The District Court properly admitted the amount of the punitive damage award of $50,000. Allstate contends that somehow this should not be considered by the jury. To do so would have precluded the Plaintiff from establishing loss suffered as a result of Allstate's breach of their fiduciary duty.

The District Court properly concluded that a statutory bad faith claim is assignable under Pennsylvania law.

6

## ARGUMENT

<u>The district court properly allowed Plaintiff's bad faith claims to go to trial when Allstate had no legal duty to protect Plaintiff against a punitive damage award.</u>

Allstate has dedicated numerous pages in their brief arguing that Allstate did not have a duty to protect its insured from a punitive damage award. Wolfe does not contend that Allstate had such a duty. It is Wolfe's position that Allstate breached its "fiduciary duty to negotiate a settlement in good faith" regarding the compensatory damage portion of the underlying case. It is undisputed that, had a settlement been reached in the compensatory damage portion of the case, Wolfe would have signed a general release, and consequently, Zierle would have been insulated from liability regarding both the compensatory and the punitive damage claims. The punitive damage award of $50,000 was simply one of the consequences of Allstate's failure to negotiate in good faith regarding the compensatory damage portion of the case. The duty to act with good faith and fair dealing is an obligation that exists with regard to any contract, including an insurance contract. It is Wolfe's position that Allstate breached that known duty. As with any breach of a contractual duty, Allstate becomes liable for the consequential damages of the breach. The punitive damage award of $50,000 in the underlying case was a consequential damage that resulted from Allstate's breach of their known duty.

7

In ruling on the Summary Judgment Motion filed by Allstate, Magistrate Judge Methvin found that "Allstate had a fiduciary duty to negotiate in good faith on behalf of its insured, Zierle." App. at A0052. Upon review, Judge Jones agreed with Judge Methvin and concluded that Allstate had a fiduciary duty to negotiate in good faith and that "a reasonable jury could find that Allstate acted with reckless unreasonableness during settlement negotiations, amounting to bad faith." App. at A0025, A0026.

In *Terletsky v. Prudential Prop & Cas. Ins. Co.,* 649 A.2d 680, it was held that:

> "Bad faith," on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill will, mere negligence or bad faith judgment is not bad faith.

It is Wolfe's position that Allstate's complete failure to negotiate in any meaningful way is a breach of Allstate's known duty to act in good faith toward their insured. Allstate offered $1,200 to settle the case and never increased their offer.

Allstate conceded liability and proceeded to litigate the case on the issue of damages alone. Allstate never had an IME performed on Wolfe, and disregarded valuation recommendations from two common pleas judges and the attorney they

8

hired to represent their insured. The frivolous and unfounded refusal to pay proceeds of the policy occurred during settlement negotiations, prior to the trial. The subsequent jury award of $15,000 for the compensatory damage claim shows that Allstate's offer of $1,200 was substantially below the actual value of the compensatory claim.

The district court properly permitted Plaintiff/Appellee Jared Wolfe to introduce evidence at the trial of this matter of the punitive damage award in his favor from the underlying lawsuit against Karl Zierle.

The district court properly allowed Wolfe to introduce evidence of the $50,000 punitive damage award from the underlying case. The $50,000 punitive award is direct evidence of the actual damages that were incurred as a result of Allstate's failure to negotiate in good faith. By failing to negotiate in good faith, the case was forced to trial and the result was an award of $15,000 in compensatory damages and an award of $50,000 in punitive damages. While Allstate's insurance policy does not insure against punitive damages, the punitive damage award would not have been awarded against their insured had it not been for Allstate's breach of their fiduciary duty to negotiate in good faith on behalf of their insured.

Allstate contends that evidence of the $50,000 award should not have been presented because Zierle assigned his right to litigate the claim to Wolfe, and therefore, Zierle would not have to pay the $50,000 award out of his pocket.

9

Allstate contends that this circular reasoning somehow means that Zierle was not harmed by Allstate's actions. That simply is not the case. By the terms of the assignment, Wolfe was granted Zierle's right to maintain the bad faith, contract, and UTPCPL claims against Allstate, in exchange for Wolfe agreeing not to pursue the $50,000 award the jury granted him against Zierle. Wolfe was litigating the case as if he was Zierle; therefore he had the right to enter the evidence of the damage that Zierle suffered as a result of Allstate's conduct.

The district court properly determined that Fed. R. Evid. 403 did not preclude the admission of the $50,000 verdict. The district court ruled that the $50,000 award against Zierle in the underlying case was a compensable item of damages. Since Wolfe was of the position that he would never have been exposed to the punitive damage award if Allstate had negotiated the compensatory claim in good faith, the $50,000 award is relevant evidence regarding the damages that were incurred as a result of Allstate's misconduct.

<u>The District Court properly determined that Wolfe had standing<br>to assert Zierle's Statutory Bad Faith Claim.</u>

It is Wolfe's position that the two recent cases out of the United States District Court for the Eastern District of Pennsylvania, where the court held that bad faith claims under 42 Pa.C.S.A. § 8371 are not assignable, were incorrectly decided. In *Feingold v. Liberty Mutual Group (Feingold I),* Civ.A. No. 1105364, 2012 U.S. Dist. LEXIS 96696 (E.D.Pa. Feb. 28, 2012), and *Feingold v. State Farm*

*Mutual Auto Ins. Co. (Feingold II),* Civ.A. No. 11-6309, 2012 U.S.Dist. LEXIS
46696 (E.D.Pa. Apr. 3, 2012), the court concluded that Pennsylvania law prohibits
an assignment of claims under § 8371 because such claims are unliquidated tort
claims.

It is Wolfe's position that the district court property concluded that the
*Feingold* decisions are inconsistent with Pennsylvania law and the law of this
Circuit. The Pennsylvania Superior Court in *Brown v. Candeloro,* 708 A.2d 104
(Pa. Super. Ct. 1998) held that:

> Under Pennsylvania law, as well as in the majority of
> American jurisdictions, an insured's claims against his or
> her insurer, in the nature of breach of contract, breach of
> a fiduciary duty, and bad faith, as well as claims under
> section 8371 of the judicial code for punitive damages,
> counsel fees and interest are assignable.

*Id.* at 110.

This Circuit has specifically addressed the issue and has held that "[u]nder
Pennsylvania law an insured's claims under section 8371 for punitive damages,
counsel fees and interest are assignable." *Haugh v. Allstate Ins. Co.,* 322 F.3d
227, 239 (3d Cir. 2003), *citing Brown,* 708 A.2d at 110). In light of these
decisions, Allstate's contention that Wolfe lacks standing is without merit.

## CONCLUSION

The district court's rulings in this matter were proper under the law of Pennsylvania. This Court should conclude that Allstate's issues raised on appeal are without merit and this Court should enter an order affirming the decisions of the district court.

ELION, WAYNE, GRIECO, CARLUCCI, SHIPMAN, DINGES & DINGES, P.C.

By   s/Michael A. Dinges
       Michael A. Dinges, I.D. #PA 69589
       Attorney for Appellee, Jared Wolfe
       125 East Third Street
       Williamsport, PA 17701
       (570) 326-2443 (phone)
       (570) 326-1585 (fax)
       mdinges@elionwayne.com

By   /s/Robert B. Elion
       Robert B. Elion, I.D. #PA 21030
       Attorney for Appellee, Jared Wolfe
       125 East Third Street
       Williamsport, PA 17701
       (570) 326-2443 (phone)
       (570) 326-1585 (fax)
       relion@elionwayne.com

## CERTIFICATE OF BAR MEMBERSHIP

The undersigned hereby certify that we, whose names appear on the Brief of

Appellee, Jared Wolfe, are members of the Bar of this Court.


ELION, WAYNE, GRIECO, CARLUCCI,
SHIPMAN, DINGES & DINGES, P.C.


By   /s/Robert B. Elion
     Robert B. Elion, Esquire
     I.D. #PA 21030


By   s/Michael A. Dinges
     Michael A. Dinges, Esquire
     I.D. #PA 69589

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)(7)(A)

The undersigned hereby certify that the Brief of Appellee, Jared Wolfe complies with the requirements of F.R.C.P. 32(a)(7)(A) because it does not exceed 15 pages.

ELION, WAYNE, GRIECO, CARLUCCI, SHIPMAN, DINGES & DINGES, P.C.

By___*/s/Robert B. Elion*_____
     Robert B. Elion, Esquire
     I.D. #PA 21030

By___*s/Michael A. Dinges*_____
     Michael A. Dinges, Esquire
     I.D. #PA 69589

## CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS

The undersigned hereby certify that the text of the electronic brief and the hard copies of the brief are identical.

ELION, WAYNE, GRIECO, CARLUCCI,
SHIPMAN, DINGES & DINGES, P.C.

By  */s/Robert B. Elion*
  Robert B. Elion, Esquire
  I.D. #PA 21030

By  *s/Michael A. Dinges*
  Michael A. Dinges, Esquire
  I.D. #PA 69589

## CERTIFICATE OF VIRUS CHECK

The undersigned hereby certify that a virus check was performed on the electronic brief using Viper Antivirus, Software Version 5.0.4464, before being electronically filed with the Court.

ELION, WAYNE, GRIECO, CARLUCCI, SHIPMAN, DINGES & DINGES, P.C.

By_____ */s/Robert B. Elion* _____
       Robert B. Elion, Esquire
       I.D. #PA 21030

By_____ *s/Michael A. Dinges* _____
       Michael A. Dinges, Esquire
       I.D. #PA 69589

## CERTIFICATE OF SERVICE

The undersigned hereby certify that we have served a true and correct copy of the foregoing *Brief of Appellee, Jared Wolfe* on the following via ECF, this 17th day of May, 2013:

Marshall Walthew, Esquire
Sara B. Richman, Esquire
John L. Schweder, II, Esquire
PEPPER HAMILTON, LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799

ELION, WAYNE, GRIECO, CARLUCCI,
SHIPMAN, DINGES & DINGES, P.C.

By___*/s/Robert B. Elion*_____
    Robert B. Elion, Esquire
    I.D. #PA 21030

By___*s/Michael A. Dinges*_____
    Michael A. Dinges, Esquire
    I.D. #PA 69589