UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

**Case No. 12-4450**

JARED WOLFE

*Appellee*

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

*Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
No. 4:10-cv-0800

**REPLY BRIEF OF APPELLANT
ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

                                 Marshall Walthew
                                 Sara B. Richman
                                 John L. Schweder, II
                                 PEPPER HAMILTON LLP
                                 3000 Two Logan Square
                                 Eighteenth & Arch Streets
                                 Philadelphia, PA  19103-2799
                                 (215) 981-4000
                                 ***Attorneys for Appellant Allstate
Property and Casualty Insurance Co.***

Dated: May 30, 2013

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................ 1

ARGUMENT ............................................................................................................ 1

    I.    Wolfe's Legal Positions Are Fundamentally Inconsistent. .................... 1

    II.   Wolfe Lacked Standing To Bring The Statutory Bad Faith Claim. ........ 5

    III.  The District Court's Rulings Are Not Only Contrary To Law But Bad Policy. ............................................................................................ 7

CONCLUSION .......................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ash v. Continental Ins. Co.*, 932 A.2d 877 (Pa. 2007) .................................................. 5, 6

*Babcock & Wilcox Co. v. Am. Nuclear Insurers*,
   2009 Pa. Dist. & Cnty. Dec. LEXIS 151 (Allegheny C.C.P. Dec. 1, 2009) .............. 4

*Brown v. Candelora*, 708 A.2d 104 (Pa. Super. Ct. 1998) ............................................. 6

*Feingold v. Liberty Mut. Group*, 847 F. Supp. 2d 772 (E.D. Pa. 2012) ................. 5, 6, 8

*Feingold v. State Farm Mut. Auto Ins. Co.*,
   No. 11-6309, 2012 U.S. Dist. LEXIS 46696 (E.D. Pa. Apr. 3, 2012) ....................... 5

*Feingold v. State Farm Mut. Auto Ins. Co.*,
   No. 12-2664, 2013 U.S. App. LEXIS 8200 (3d Cir. Apr. 23, 2013) ......................... 5

*Haugh v. Allstate Ins. Co.*, 322 F.3d 227 (3d Cir. 2003) ................................................ 6

*Lira v. Shelter Ins. Co.*, 913 P.2d 514 (Colo. 1996) ....................................................... 3

*PPG Indus. Ins. v. Transamerica Ins. Co.*, 975 P.2d 652 (Cal. 1994) ............................ 3

*Segal v. Liberty Mut. Ins. Co.*,
   No. 99-6400, 2000 U.S. Dist. LEXIS 16382 (E.D. Pa. Nov. 9, 2000) ...................... 4

*Terletsky v. Prudential Prop. & Cas. Ins. Co.*,
   649 A.2d 680 (Pa. Super. Ct. 1994) ........................................................................... 4

*Zieman Mfg. Co. v. St. Paul Fire and Marine Ins. Co.*,
   724 F.2d 1343 (9th Cir. 1983) .................................................................................... 3

**RULES**

Fed. R. Evid. 402 ............................................................................................................... 5

Fed. R. Evid. 403 ............................................................................................................... 5

**STATUTES**

42 Pa. C.S.A. § 8371 ................................................................................................. 4, 5, 6, 8

# SUMMARY OF ARGUMENT

As has been the case throughout this matter, Wolfe has chosen not to engage or respond to any of Allstate's arguments, and not to discuss (much less distinguish) the authorities Allstate cites. Instead Wolfe relies on an unsupported legal theory that bears no relation to the case that he actually presented at trial and for which there is no case support. Wolfe does not dispute that punitive damages are uninsurable in Pennsylvania. Nor does he claim that Allstate had any duty to factor the potential punitive award into its negotiation of the compensatory claim. Instead Wolfe pretends his claim is based on an alleged duty to settle a compensatory claim that the insurer believes is worth less than the policy limit. Tellingly, however, Wolfe relied on the supposedly irrelevant punitive award as the keystone of his case, and cannot explain why the compensatory negotiations were bad faith without referring to the punitive award. Moreover, Wolfe ignores the fact that this Court has affirmed a decision relied on by Allstate that held that an assignee of a bad faith claim has no standing. Quite simply, this was a case with no legal basis. The district court's rulings should be reversed and the judgment vacated.

# ARGUMENT

I.   Wolfe's Legal Positions Are Fundamentally Inconsistent.

Wolfe's brief in opposition to Allstate's initial brief highlights in bold relief the fundamental inconsistency of his legal position and the fatal flaw in the

district court's rulings in this case. On the one hand, Wolfe claims that the only issue in this case is Allstate's negotiation of Wolfe's <u>compensatory</u> damages claim against Zierle. Appellee's Brief at 5. On the other hand, while conceding that Allstate had no duty to protect Zierle against a punitive award, Wolfe repeatedly identifies the harm Zierle suffered as the punitive award. Appellee's Brief at 6, 7, 9, 10.

Wolfe never once articulates any reason why the compensatory negotiation was bad faith without referring to the punitive award. Thus, despite Wolfe's protestation to the contrary, it is clear that the only justification he has for claiming that Allstate negotiated the compensatory claim in bad faith is that it exposed Zierle to a punitive award. Appellee's Brief at 10 ("Since Wolfe was of the position that he would never have been exposed to the punitive damage award if Allstate had negotiated the compensatory claim in good faith, the $50,000 award is relevant evidence regarding the damages that were incurred as a result of Allstate's misconduct."). Saying that the punitive award is evidence of, or a consequence of, bad faith negotiation of the compensatory claim is tantamount to saying that Allstate had a legal duty to protect Zierle against the punitive award. This is a classic example of wanting to have one's cake and to eat it too.

Wolfe cites no authority to rebut the case law cited by Allstate holding that there can be no bad faith when an insurer tries a case that results in a

compensatory award below the policy limits, even if the insured is exposed to a substantial punitive award.  See Zieman Mfg. Co. v. St. Paul Fire and Marine Ins. Co., 724 F.2d 1343, 1345 (9th Cir. 1983) (insurer "had absolutely no duty to settle the claim merely because [the insured] risked a punitive damage award" that was not covered by the policy) (emphasis added); PPG Indus. Ins. v. Transamerica Ins. Co., 975 P.2d 652 (Cal. 1994); Lira v. Shelter Ins. Co., 913 P.2d 514, 517 (Colo. 1996).  Nor does Wolfe address Allstate's argument that it was entitled as a matter of law, to rely on the existence of such case law in negotiating Wolfe's claim against Zierle.  See Appellant's Brief at 22-23 & n.10.  Thus, there are two legal bases for finding that Allstate's conduct here was proper, and nothing suggesting that litigating a compensatory claim that results in a verdict within the policy limits is bad faith.

       It is clear that the theory on which the district court allowed Wolfe to proceed - - alleged bad faith negotiation of the compensatory claim alone - - is not the theory on which the case was actually tried.  If the district court had actually limited the case to the compensatory claim, Allstate would have been entitled to judgment as a matter of law.  Wolfe has cited no case from any jurisdiction holding that an insurance company acts in bad faith when it tries a case and achieves a

verdict within the policy limits.[1]  Pennsylvania law specifically recognizes an insurer's contractual right to do so.  See Babcock & Wilcox Co. v. Am. Nuclear Insurers, 2009 Pa. Dist. & Cnty. Dec. LEXIS 151, at *22 (Allegheny C.C.P. Dec. 1, 2009).  Having obtained a compensatory verdict that was $35,000 less than the policy limits and $10,000 less than Wolfe's only formal demand, there can be no finding of bad faith on the compensatory claim without reference to the punitive award.[2]

   Moreover, if the case was solely about the negotiation of the compensatory claim, evidence of the punitive award would have been irrelevant and inadmissible.  Wolfe does not dispute that the evidence of the punitive award was prejudicial to Allstate.  Instead, Wolfe argues that the evidence was relevant as an element of consequential damages.  Appellee's Brief at 9-10.  Wolfe, however, offers no case law to support the notion that an uninsured punitive award can be a valid item of damages under 42 Pa. C.S.A. § 8371.  That is because damages under Section 8371 are limited to interest and costs, attorneys' fees, and punitive

---

[1] The one case that Wolfe cites, Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680 (Pa. Super. Ct. 1994), offers no support for Wolfe's position.  Terletsky involved an underinsured motorist claim, not a third-party bodily injury claim.  Moreover, even in the context of settling a claim with its own insured, the Superior Court found the insurer had not acted in bad faith by offering substantially less than the ultimate arbitration award.

[2] There was no bad faith negotiation of the compensatory claim.  The only demand Wolfe communicated to Allstate was $25,000.  Allstate responded by offering $1,200.  Wolfe never formally counter-offered any amount below $25,000 despite now claiming that he was willing to settle in the $5,000-$7,500 range.  Allstate was justified in believing that it had no obligation to bid against itself in the face of a recalcitrant plaintiff.  See Segal v. Liberty Mut. Ins. Co., No. 99-6400, 2000 U.S. Dist. LEXIS 16382 (E.D. Pa. Nov. 9, 2000).

-4-

damages. See Ash v. Continental Ins. Co., 932 A.2d 877, 880 (Pa. 2007) (citing 42 Pa. C.S.A. § 8371). Thus, the underlying punitive award was both irrelevant and prejudicial. The district court should have excluded the evidence under both Fed. R. Evid. 402 and 403.

Quite simply, once the inconsistencies in the district court's rulings are pared away, Allstate had no duty to consider the potential punitive award in negotiating the compensatory claim. It also had no duty to settle the compensatory claim at all where it was clear that the potential damage did not exceed the policy limits. Having violated no established legal duty, Allstate cannot be held to have acted in bad faith as a matter of law.

II.     Wolfe Lacked Standing To Bring The Statutory Bad Faith Claim.

In its opening brief, Allstate relied on two recent cases from the Eastern District of Pennsylvania holding that under Pennsylvania law, claims under 42 Pa. C.S.A § 8371 cannot be assigned. See Feingold v. Liberty Mut. Group, 847 F. Supp. 2d 772 (E.D. Pa. 2012) (Feingold I); Feingold v. State Farm Mut. Auto Ins. Co., No. 11-6309, 2012 U.S. Dist. LEXIS 46696 (E.D. Pa. Apr. 3, 2012) (Feingold II). Wolfe does not address the merits of those arguments, but rather argues baldly that those decisions were incorrect. Appellee's Brief at 10-11. This argument is curious to say the least because more than three weeks before Wolfe filed his belief, this Court affirmed Feingold II. See Feingold v. State Farm Mut.

Auto Ins. Co., No. 12-2664, 2013 U.S. App. LEXIS 8200, at *3 (3d Cir. Apr. 23, 2013) ("[A]fter review of the briefs and appendices submitted by the parties, we find no basis for disturbing the exceedingly thorough and well-reasoned April 3, 2012 opinion of the District Court.  We thus affirm the order of the District Court substantially for the reasons set forth in its opinion.").  Because Feingold II adopted the reasoning of Feingold I, this Court has effectively affirmed both rulings.  Thus, Wolfe's argument that Feingold I and Feingold II were wrongly decided has no basis and was invalid at the time Wolfe filed his brief in this appeal.

Wolfe claims that Brown v. Candelora, 708 A.2d 104 (Pa. Super. Ct. 1998) expressly permits assignments.  As explained in Feingold I, however, Brown was decided before Pennsylvania law made it clear that statutory bad faith claims were tort claims.  See 847 F. Supp. 2d at 877.  As Judge Bartle held in Feingold I, now that Section 8371 claims are unequivocally recognized as tort claims, the traditional rule against assignment of tort claims precludes an assignment such as the one obtained by Wolfe in this case.  See id.  This change in the law renders Brown obsolete.  Certainly, in affirming Feingold II, this Court did not find Brown controlling.[3]

---

[3]   Wolfe also relies in this Court's decision in Haugh v. Allstate Ins. Co., 322 F.3d 227, 239 (3d Cir. 2003) for proposition that Pennsylvania law permits assignment of bad faith claims.  The Haugh Court reached that decision on the basis of Brown and did so before Ash v. Continental Ins. Co. established definitively that Section 8371 claims were tort claims.  See 932 A.2d 877, 884-85 (Pa. 2007).  Thus, Haugh no longer reflects the Third Circuit's view of the assignability of bad faith claims under Pennsylvania law.

-6-

III.   The District Court's Rulings Are Not Only Contrary To Law But Bad Policy.

In holding that Wolfe could pursue a bad faith claim in this case, the district court did violence to two time honored principles: (1) the sanctity of contract rights, and (2) the uninsurability of punitive damages. The court's rulings eviscerated Allstate's contractual right to try a case where a plaintiff makes an unreasonable demand. And the ruling virtually eviscerates Pennsylvania's prohibition against insuring punitive damages. As a result, Wolfe has reaped a $50,000 windfall that does nothing to accomplish the purpose behind punitive damages: punishment of persons who act outrageously. Despite already having received twice as much as he was willing to settle for, Wolfe is in to receive even more compensation for his minor soft tissue injury claim. Karl Zierle, on the other hand, an irresponsible drunk driver with multiple prior DUI convictions, has walked away scot-free. Allstate (and ultimately its policy holders) have been made to foot the bill. Quite simply, Allstate gave Zierle everything he paid for - - a vigorous defense and full protection from all compensatory damages. There is no basis for finding that he has been treated in bad faith, and no justice in rewarding Wolfe.

## **CONCLUSION**

The district court's approach to this case was fundamentally flawed. First there was no legal basis for imposing any duty on Allstate to negotiate a third-party claim with a non-insured in any particular way. Second, there was no legal basis for holding Allstate responsible to factor the potential punitive award into its negotiation of the compensatory claim. If the court truly believed that the jury should be allowed to determine bad faith on the basis of the compensatory claim alone, then there is no justification for allowing the jury to hear about the punitive verdict. Finally, it is clear from the <u>Feingold</u> decisions that Wolfe had no standing to bring the Section 8371 bad faith claim. Accordingly, this Court should vacate the jury verdict on the bad faith claim and order that the bad faith claim be dismissed.

Dated: May 30, 2013                               Respectfully submitted,

*/s/ Marshall Walthew*
Marshall Walthew
walthewm@pepperlaw.com
Sara B. Richman
richmans@pepperlaw.com
John L. Schweder, II
schwederj@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
215-981-4000

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that I, Marshall Walthew, whose name appears on the Reply Brief of Appellant, Allstate Property and Casualty Insurance Company, is a member of the Bar of this Court.

*/s/ Marshall Walthew*
Marshall Walthew

## **CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(A)**

I, Marshall Walthew, hereby certify that the Reply Brief of Appellant, Allstate Property and Casualty Insurance Company complies with the requirements of F.R.A.P. 32(a)(7)(A) because it does not exceed 15 pages.

*/s/ Marshall Walthew*
Marshall Walthew

## CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS

I, Marshall Walthew, hereby certify that the text of the electronic brief and the hard copies of the brief are identical.

*/s/ Marshall Walthew*
Marshall Walthew

## CERTIFICATE OF VIRUS CHECK

I, Marshall Walthew, hereby certify that a virus check was performed on the electronic brief using Symantec Endpoint before being e-filed with the Court.

*/s/ Marshall Walthew*
Marshall Walthew

# CERTIFICATE OF SERVICE

I, Marshall Walthew, hereby certify that on May 30, 2013, a true and correct copy of the Reply Brief of Appellant, Allstate Property and Casualty Insurance Company was served via ECF upon the following:

>Robert Elion, Esquire
>Michael Dinges, Esquire
>Elion, Wayne, Greico, Carlucci,
>Shipman, Dinges & Dinges, P.C.
>125 East Third Street
>Williamsport, PA  17701


>*/s/ Marshall Walthew*
>Marshall Walthew